**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case #_____

**JOEY D. GONZALEZ,**

        Plaintiff**,**

**v.**

**CLIFFORD RAMSEY,**

        Defendant.
_____/

## NOTICE OF REMOVAL

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, to file this Notice of Removal, pursuant to Title 28, United States Code, Section 1442(a)(1), and states:

1. On November 17, 2017, Plaintiff, Joey D. Gonzalez, *pro se*, as a private citizen and resident of Miami-Dade County, filed a civil Complaint for damages in the Circuit Court in and for Miami-Dade County, Florida, styled *Gonzalez v. Ramsey*, 2017-026753 CA 01 (Civil Division). In essence, the Complaint alleges state torts (defamation (Count 1) and intentional infliction of emotional distress (Count 2) stemming from interaction between Plaintiff and Defendant while both were employed with the United States Department of Agriculture in Miami, Florida, during 2016 and 2017. See attached **Exhibit A**. Defendant Ramsey hired private counsel to represent him in these proceedings.

2. On or about December 20, 2017, Plaintiff caused a subpoena *Duces Tecum* for deposition to be served upon Ricardo Goenaga, an employee of the United States Department of Agriculture. This subpoena commanded Goenaga to appear on January 11, 2018 at 1 pm. See attached **Exhibit B**.

3. On January 9, 2018, counsel for the United States Department of Agriculture sent a letter (via fax) to Plaintiff advising him that, as an employee of the agency (that was not a party to the action), Goenaga's authority to respond to the subpoena was limited by the 7 C.F.R §§1.210-

1.219 (USDA's *Touhy* regulations [1]). Plaintiff was further advised that, pursuant to these regulations, Goenaga was not authorized by the agency to comply with the subpoena. See attached **Exhibit C** (pages 10-17).

5. Later on January 9, 2018, Plaintiff advised agency counsel (via recorded message and email) of his objection to the agency's position. See attached **Exhibit C** (pages 19-20).

6. On January 10, 2018, agency counsel sent Plaintiff an email message acknowledging receipt of his messages and restating that Goenaga was not authorized by the agency to comply with the subpoena. See attached **Exhibit C** (page 19).

7. On January 11, 2018, Goenaga did not appear for the deposition. See **Exhibit C** (page 22).

8. On January 24, 2018, Plaintiff filed a motion with the state court seeking an order to compel Goenaga to appear for deposition and for other relief. See attached **Exhibit C**.

9. On February 12, 2012, the state court issued an Order granting Plaintiff's motion to compel directing Goenaga to appear for his deposition. See attached **Exhibit D**.

10. Pursuant to 28 U.S.C §1442(a)(1), state court discovery orders involving federal employees are removable to federal court. The removal statute, 28 U.S.C. §1442(a)(1) provides that:

> (a) A civil action or criminal prosecution that is commenced in a State court and that against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under the officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
> . . . .
> (d) In this section, the following definitions apply:
> (1) The terms "civil action" and "criminal prosecution" include any proceeding (whether or not ancillary or another proceeding) to the extent that in such proceeding a judicial order, ***including a subpoena for testimony or documents, is sought or issued***. If the removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court."

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468, 71 S.Ct. 416, 95 L.Ed. 417 (1951). Since the issuance of *Touhy*, "'an unbroken line of authority directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations.'" *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991)(quoting *Boron Oil Co. v. Downie*, 873 F.2d 67, 73 (4th Cir. 1989))(alteration in the original)

11. The Order granting Plaintiff's motion to compel against Goenaga meets the requirements for removal under 28 U.S.C. §1442(a)(1). The proceedings involve a federal employee acting in the scope of his employment and the federal employee has a colorable defense arising out of his duty to enforce federal law. See, *Mesa v. California*, 489 U.S. 121 (1989); *Williamham v. Morgan*, 395 U.S. 402, 406-407 (1969); *State v. Cohen*, 887 F.2d at 1453-1454. Under the federal regulations, federal employees are permitted to testify only when authorized. See, 7 C.F.R §§1.210-1.219.

WHEREFORE, the United States of America, respectfully requests that the proceeding regarding the judicial order granting Plaintiff's motion to compel be removed from the Circuit Court in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By:   **s/ CHARLES S. WHITE**
CHARLES S. WHITE
Assistant United States Attorney
Florida Bar No. 394981
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel.: 305.961.9286
Fax: 305.530-7139
Email: Charles.White@usdoj.gov
*Counsel for United States of America*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 23, 2018 I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully submitted,

    BENJAMIN G. GREENBERG
    UNITED STATES ATTORNEY

By:   **s/ Charles S. White**

    CHARLES S. WHITE
    Fla. Bar No. 394981
    Assistant United States Attorney
    99 N.E. 4th Street, Suite 300
    Miami, Florida   33132
    Tel. (305) 961-9286
    Fax. (305) 530-7139
    E-mail: charles.white@usdoj.gov

## SERVICE LIST

### Gonzalez v. Ramsey

Case No. _____

## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Joey D. Gonzalez, Esq.
Fla. Bar #127554
P.O. Box 145073
Coral Gables, FL   33114-5073
Tel: (305) 720-3114
Fax: (305) 676-8998
Plaintiff, *Pro Se*

Charles S. White
Assistant United States Attorney
charles.white@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida   33132
Tel. (305) 961-9286
Fax. (305) 530-7139
Attorney for Defendants

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
BEVERLY VIRUES
Florida Bar No. 123713
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone: (305) 234-2060
Facsimile: (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com
beverly@beckandlee.com

**CULLIN O'BRIEN LAW, P.A.**
CULLIN O'BRIEN
Florida Bar No. 597341
6541 NE 21st Way
Fort Lauderdale, FL 33308
Telephone: (561) 676-6370
Facsimile: (561) 320-0285
cullin@cullinobrienlaw.com
*Attorneys for Defendant*