UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number:  1:18-cv-20727-DPG

JOEY D. GONZALEZ
                Plaintiff,

vs.

CLIFFORD RAMSEY,
                Defendant.

_____/

## MOTION TO REMAND

Plaintiff, according to 28 U.S.C. §1446, moves this Court for an entry of an order remanding the above referenced action to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. In support, Plaintiff states:

1.  On December 20, 2017, Plaintiff caused a subpoena *Duces Tecum* for deposition to be served upon Ricardo Goenaga ("Goenaga"), an employee of the U.S. Department of Agriculture ("USDA"). *See* Exhibit A. The subpoena commanded Goenaga to appear for deposition on January 11, 2018.

2.  Neither Goenaga or the USDA are defendants in this action.

3.  On January 9, 2018, the USDA refused to allow Goenaga's attendance to the deposition. According to the USDA "[i]f the subpoena *duces tecum* is not withdrawn, the United States may elect to remove the above referenced action to federal district court and move to quash the subpoena." *See* Exhibit B.

4.  On January 11, 2018, Goenaga did not appear for deposition.

5.  On January 24, 2018, Plaintiff filed a motion in state court seeking an order to compel Goenaga to appear for deposition.

6.  On February 12, 2018, the state court issued an Order granting Plaintiff's motion to

compel Goenaga to appear for his deposition.

7. On February 23, 2018, Goenaga's order to compel was removed to federal court in accordance to 28 U.S.C. §1442(a)(1). *See* Notice of Removal [DE 1].

8. On March 9, 2018, the United States filed its Notice of Compliance with 28 U.S.C. §1446(d) [DE 11].

9. The relevant procedure set forth in 28 U.S.C. § 1446 regarding removal of civil actions, state:

> (g) Where the civil action or criminal prosecution that is removable under section 1442(a) [28 USCS § 1442(a)] is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) [28 USCS § 1455(b)] is satisfied if the person or entity desiring to remove the proceeding files the notice of removal **not later than 30 days after receiving, through service, notice of any such proceeding.** (Emphasis added)

10. [The] 30-day removal period begins when the agency receives formal service of process. Dernis v. Amos Fin., 701 F. App'x 449, 452-53 (6th Cir. 2017).

11. The time set forth in 28 U.S.C. §1446(g) for filing a notice of removal is mandatory and must be strictly applied. *See* Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006) *citing* Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (Removal statutes are strictly construed, with all doubts resolved in favor of remand).

12. The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court. Formula, Inc. v. Mammoth 8050, Ltd. Liab. Co., No. 07-61708-CIV, 2007 U.S. Dist. LEXIS 95336, at *2-3 (S.D. Fla. Jan. 3, 2007)

13. Goenaga was properly served with a subpoena *Duces Tecum* on December 20, 2017.

14. Notice of removal was filed on February 23, 2017, or 65 days after Goenaga was served.

15. According to 28 U.S.C. §1446(g), the United States, has not filed a timely notice of removal within 30 days after receiving, through service, notice of Goenaga's subpoena.

16. For the foregoing reasons, this action should be remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

THEREFORE, Plaintiff request this Court to remand this case back to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## CERTIFICATION UNDER LOCAL RULE 7.1(a)(3)

In accordance with Local Rule 7.1(a)(3), the undersigned counsel conferred with the Assistant U.S. Attorney in a good faith effort to resolve by agreement the issues raised in this motion but the parties were unable to do so.

By: Joey D. Gonzalez
Florida Bar No. 127554
P.O. Box 145073, Coral Gables, FL 33114-5073
Telephone: 305-720-3114 / Fax: 305-676-8998
E-service: joey.gonzalez@jdg-lawoffice.com
Pro Se

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2018, a true copy of the foregoing document was filed with the Clerk of the Court using CM/ECF, and has been served upon all counsels or parties of record in the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>Service List</u>

Charles S. White
Assistant United States Attorney
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel. (305) 961-9286
Fax. (305) 530-7139

***Attorney for the United States***

Beverly Virues
Florida Bar No. 123713
beverly@beckandlee.com

**BECK & LEE TRIAL LAWYERS**
Corporate Park at Kendall
Elizabeth L. Beck
Florida Bar No. 20697
elizabeth@beckandlee.com
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone: (305) 234-2060
Facsimile: (786) 664-3334

**CULLIN O'BRIEN LAW, P.A.**
Cullin O'Brien
Florida Bar No. 597341
6541 NE 21st Way
Ft. Lauderdale, FL 33308
Telephone: 561/676-6370
561/320-0285 (fax)
cullin@cullinobrienlaw.com

***Attorneys for Defendant***

/s/ Joey D. Gonzalez
Joey D. Gonzalez

# Exhibit
# A

## VERIFIED RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Miami-Dade** | **11th Jud. Circuit Court** |

Case Number: 17-026753 CC 01   Court Date: 1/11/2018  1:00 pm

Plaintiff:
**Joey D. Gonzalez**

vs.

Defendant:
**Clifford L. Ramsey**

For:
Joey D. Gonzalez, Esq.
P.O. Box 145073
Coral Gables, FL 33114

Received by First Choice Process, Inc. on the 19th day of December, 2017 at 3:41 pm to be served on **Ricardo Goenaga c/o USDA ARS Subtropical Horticultural Research Station, 13601 Old Cutler Road, Miami, FL 33182**.

I, Simon Vela, do hereby affirm that on the **20th day of December, 2017** at **11:45 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUBPOENA DUCES TECUM FOR DEPOSITION** with the date and hour of service endorsed thereon by me, to: **Ricardo Goenaga c/o USDA ARS Subtropical Horticultural Research Station** at the address of: **13601 Old Cutler Road, Miami, FL 33182**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50, Sex: M, Race/Skin Color: White, Height: 5'11", Weight: 180, Hair: Grey, Glasses: N

Under penalty of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated  in it are true.  I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  No notary required pursuant to F.S. 92.525(2).

**Simon Vela**
CPS #2343

**First Choice Process, Inc.**
**15757 Pines Blvd.**
**Suite 157**
**Pembroke Pines, FL 33027**
**(954) 431-9208**

Our Job Serial Number: MTO-2017003540

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g



# Exhibit

# B



# United States Department of Agriculture

## FAX COVER SHEET

**To:**

**Fax #:** 3056768998                    **Date:** 01/09/18 12:19:15 PM

**Re:** Goenaga Subpoena                 **Pages** (Including cover): 8

```
Please see attached.
```


Renee Tyler
Paralegal Specialist
Eastern Region
*Office of the General Counsel*
U.S. Department of Agriculture
1718 Peachtree Street, NW, Suite 576
Atlanta, GA 30309-2437
☎ 404-347-1078 (Voice)
📠 844-217-8320 (Fax)
✉ renee.tyler@ogc.usda.gov

This message contains information generated by the USDA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and destroy the information immediately.

USDA is an equal opportunity provider, employer and lender.

**USDA**

United States Department of Agriculture
*Office of the General Counsel*

*Eastern Region*
*1718 Peachtree Street, NW, Suite 576*
*Atlanta, Georgia 30309-2437*

*Telephone:  404-347-1060*
*Facsimile:   844-217-8320*

January 9, 2018

*Via facsimile transmission to 305-676-8998*

Joey D. Gonzalez, Esq.
P. O. Box 145073
Miami, Florida 33114-5073

> Re:  *Joey D. Gonzalez v. Clifford Ramsey*, No. 2017-026753-CA-01
> Miami-Dade Circuit Court, Miami-Dade County, Florida
> **January 11, 2018, 1:00 p.m.**
>
> **Subpoena for Document Production**
> **Dr. Ricardo Goenaga ARS, USDA**
> Coral Gables, Florida

Dear Mr. Gonzalez:

This office provides legal representation to United States Department of Agriculture ("USDA") agencies and personnel located in the southeastern United States, including the Agricultural Research Service ("ARS"). ARS has contacted us in connection with a subpoena issued by you, or upon your request, commanding the appearance of a USDA employee in the above referenced action, as well as the production of certain documents. For the reasons outlined below, we request that the subpoena be withdrawn.

Please confirm your withdrawal of the subpoena in writing, by fax or email to the employee or agency contact. Their contact information is:

| | |
|---|---|
| Agency Contact Name: | Hillary Clark |
| Agency Contact Phone No.: | 301-504-4888 |
| Agency Contact Email: | hillary.clark@ars.usda.gov |
| | |
| Employee's Name: | Dr. Ricardo Goenaga |
| Employee's Phone No.: | 787-806-9138 |
| Employee's Email: | ricardo.goenaga@ars.usda.gov |

### USDA's Touhy Regulations

Regulations governing appearances by USDA employees as witnesses in judicial or administrative proceedings are published in the Code of Federal Regulations at 7 C.F.R. §§ 1.210-1.219. These regulations are authorized by 5 U.S.C. § 301 (formerly 5 U.S.C. § 22). *United States ex rel Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951); *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1196-1197 (11th Cir. 1991).

Dr. Ricardo Goenaga
January 9, 2018
Page 2

The purpose of [these regulations] is to ensure that employees' official time is used only for official purposes, to maintain the impartiality of [USDA] among private litigants, to ensure that public funds are not used for private purposes and to establish procedures for approving testimony or production of documents when clearly in the interests of [USDA].

\* \* \*

The policy behind such prohibitions on the testimony of agency employees is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business. *Reynolds Metals*, 572 F. Supp. at 290. Because of the nature of the duties it exercises and programs it administers, the [USDA] is particularly vulnerable to the demands of private parties seeking information acquired as a result of official investigations concerning incidents such as that in the case *sub judice*. If [USDA officials] were routinely permitted or compelled to testify in private civil actions, significant loss of manpower hours would predictably result and agency employees would be drawn from other important agency assignments.

*Boron Oil Co. v. Downie*, 873 F.2d 67 (4th Cir. 1989).

### Subpoenas *duces tecum*

Pursuant to federal regulations published at 7 C.F.R. § 1.215, subpoenas *duces tecum* for USDA records in judicial or administrative proceedings to which the United States is not a party are deemed to be requests for records under the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. FOIA requests to USDA agencies are processed in accordance with regulations published at 7 C.F.R. §§ 1.1-1.23.

A USDA employee served with an otherwise valid subpoena *duces tecum* is directed to appear at the stated time and place, respectfully decline to produce the records sought on the ground that such production is prohibited by 7 C.F.R. § 1.215, and state that the subpoena *duces tecum* will be processed by the agency as a FOIA request. *See* 7 C.F.R. § 1.215(b). A federal employee may not be compelled to obey a subpoena contrary to instructions given by a federal employer pursuant to valid agency regulations. *United States ex rel Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951); *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1196-1197 (11th Cir. 1991), *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989).

In response to a FOIA request, a USDA agency will supply those documents, if any, which are responsive to the request and not exempted from disclosure. If the agency determines that the requested documents are exempted from disclosure, the requesting party will be notified of that determination and of his/her administrative appeal rights. *See* 5 U.S.C. § 552(a)(6)(A)(i). Should such a determination be upheld on administrative appeal, the requesting party would be notified of his/her right to seek judicial review. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

Dr. Ricardo Goenaga
January 9, 2018
Page 3

If the subpoena *duces tecum* is not withdrawn, the United States may elect to remove the above-referenced action to federal district court and move to quash the subpoena.

We anticipate your prompt withdrawal of this subpoena. Should you have any questions, please feel free to contact me at 404.347.1079. With best regards, I am

Sincerely yours,

Ileana V. Brugueras
Attorney

cc:    Hillary Clark
       Dr, Ricardo Goenaga

IVB/rdt

### § 1.202  Judicial review.

Judicial review of final agency decisions on awards may be sought as provided in 5 U.S.C. 504(c)(2).

### § 1.203  Payment of award.

An applicant seeking payment of an award shall submit to the head of the agency administering the statute involved in the proceeding a copy of the final decision of the Department granting the award, accompanied by a statement that the applicant will not seek review of the decision in the United States courts. The agency will pay the amount awarded to the applicant within 60 days, unless judicial review of the award or of the underlying decision of the adversary adjudication has been sought by the applicant or any other party to the proceeding.

## Subpart K—Appearance of USDA Employees as Witnesses in Judicial or Administrative Proceedings

Source: 55 FR 42347, Oct. 19, 1990, unless otherwise noted.

### § 1.210  Purpose.

This subpart sets forth procedures governing the appearance of USDA employees as witnesses in order to testify or produce official documents in judicial or administrative proceedings when such appearance is in their official capacity or arises out of or is related to their employment with USDA. These regulations do not apply to appearances by USDA employees as witnesses in judicial or administrative proceedings which are purely personal or do not arise out of or relate to their employment with USDA. This subpart also does not apply to Congressional requests or subpoenas for testimony or documents.

### § 1.211  Definitions.

(a) *Administrative proceeding* means any proceeding pending before any federal, state, or local agency and undertaken for the purpose of the issuance of any regulations, orders, licenses, permits, or other rulings, or the adjudication of any matter, dispute, or controversy.

(b) *Appearance* means testimony or production of documents the request for which arises out of an employee's official duties with USDA or relates to his or her employment with USDA. For the purpose of this subpart, an appearance also includes an affidavit, deposition, interrogatory, or other required written submission.

(c) *Judicial proceeding* means any case or controversy pending before any federal, state, or local court.

(d) *Travel expenses* means the amount of money paid to a witness for reimbursement for transportation, lodging, meals, and other miscellaneous expenses in connection with attendance at a judicial or administrative proceeding.

(e) *USDA* means the United States Department of Agriculture.

(f) *USDA agency* means an organizational unit of USDA whose head reports to an official within the Office of the Secretary of Agriculture.

(g) *Valid summons, subpoena, or other compulsory process* means an order that is served properly and within the legal authority and the jurisdictional boundaries of the court or administrative agency or official that has issued it.

(h) *Witness fees* means the amount of money paid to a witness as compensation for attendance at a judicial or administrative proceeding.

### § 1.212  General.

No USDA employee may provide testimony or produce documents in a judicial or administrative proceeding unless authorized in accordance with this subpart.

### § 1.213  Appearance as a witness on behalf of the United States.

An employee of USDA may appear as a witness on behalf of the United States in any judicial or administrative proceeding without the issuance of a summons, subpoena, or other compulsory process. Employees should obtain permission for such an appearance from their immediate supervisor unless the USDA agency or General Counsel has issued instructions providing otherwise.

**§ 1.214 Appearance as a witness on behalf of a party other than the United States where the United States is not a party.**

(a) An employee of USDA served with a valid summons, subpoena, or other compulsory process demanding his or her appearance, or otherwise requested to appear on behalf of a party other than the United States in a judicial or administrative proceeding in which the United States is not a party, shall promptly notify the head of his or her USDA agency of the existence and nature of the order compelling his or her appearance, or of the document requesting his or her attendance. He or she shall also specify, if that is known, the nature of the judicial or administrative proceeding and the nature of the testimony or documents requested.

(b)(1) An employee of USDA served with a valid summons, subpoena, or other compulsory process, or requested to appear as a witness on behalf of a party other than the United States in a judicial or administrative proceeding in which the United States is not a party, may appear only if such appearance has been authorized by the head of his or her USDA agency, with the concurrence of the General Counsel, based upon a determination that such an appearance is in the interest of USDA.

(2) An employee of USDA requested to appear as a witness on behalf of a party other than the United States in a judicial or administrative proceeding in which the United States is not a party, without the service of a valid summons, subpoena, or other compulsory process, may appear only if such appearance has been authorized by the head of his or her USDA agency and approved by the appropriate Assistant Secretary, Under Secretary or other general officer, and by the General Counsel, based upon a determination that such an appearance is in the interest of USDA.

(c) Unless an appearance is authorized as provided in paragraphs (b)(1) or (b)(2) of this section, the employee shall appear at the stated time and place (unless advised by the General Counsel or his or her designee that the summons, subpoena, or other process was not validly issued or served),

produce a copy of these regulations and respectfully decline to provide any testimony. As appropriate, the General Counsel or his or her designee will request the assistance of the Department of Justice or of a United States Attorney, in the case of a judicial proceeding; or of the official or attorney representing the United States, in the case of an administrative proceeding, to represent the interests of the employee and USDA.

(d) If there is any question regarding the validity of a summons, subpoena, or other compulsory process, an employee shall contact the Office of the General Counsel for advice.

(e)(1) In determining whether the employee's appearance is in the interest of USDA, authorizing officials should consider the following:

(i) what interest of USDA would be promoted by the employee's testimony;

(ii) whether an appearance would result in an unnecessary interference with the duties of the USDA employee;

(iii) whether an employee's testimony would result in the appearance of improperly favoring one litigant over another.

(2) The considerations listed in paragraph (e)(1) of this section are illustrative and not exhaustive.

**§ 1.215 Subpoenas duces tecum for USDA records in judicial or administrative proceedings in which the United States is not a party.**

(a) Subpoenas duces tecum for USDA records in judicial or administrative proceedings in which the United States is not a party shall be deemed to be requests for records under the Freedom of Information Act and shall be handled pursuant to the rules governing public disclosure under subpart A of this part.

(b) Whenever a subpoena duces tecum compelling the production of records is served on a USDA employee in a judicial or administrative proceeding in which the United States is not a party, the employee, after consultation with the General Counsel or his or her designee, shall appear in response thereto, respectfully decline to produce the records on the grounds that it is prohibited by this section and state that the production of the records involved

70

will be handled in accordance with subpart A of this part.

### § 1.216 Appearance as a witness or production of documents on behalf of a party other than the United States where the United States is a party.

(a) An employee of USDA served with a valid summons, subpoena, or other compulsory process demanding his or her appearance, or otherwise requested to appear or produce documents on behalf of a party other than the United States in a judicial or administrative proceeding in which the United States is a party, shall promptly notify the head of his or her USDA agency and the General Counsel or his or her designee of the existence and nature of the order compelling his or her appearance, or of the document requesting his or her appearance. He or she shall also specify, if that is known, the nature of the judicial or administrative proceeding and the nature of the testimony or documents requested.

(b)(1) Except as provided in paragraph (b)(2) of this section, an employee of USDA only may appear as a witness or produce records on behalf of a party other than the United States in a judicial or administrative proceeding in which the United States is a party if such appearance or production has been ordered by the service on the employee of a valid summons, subpoena, or other compulsory process issued by a court, administrative agency, or other official authorized to compel his or her appearance.

(2) An employee requested to appear as a witness or produce records on behalf of a party other than the United States in a judicial or administrative proceeding in which the United States is a party, without being served a valid summons, subpoena, or other compulsory process, may appear or produce records only if such appearance or production has been authorized by a representative of the Department of Justice, the United States Attorney, or other counsel who is representing the United States in the case of a judicial proceeding; or by the official or attorney representing the United States, in the case of an administrative proceeding.

(c) The head of the USDA agency shall consult with the General Counsel or his or her designee as to whether there are grounds to oppose the employee's attendance or production of documents and, if so, whether to seek to quash the summons, subpoena, compulsory process, or to deny authorization under paragraph (b)(2) of this section.

(d) As appropriate, the General Counsel or his or her designee will request the assistance of the Department of Justice, a United States Attorney, or other counsel representing the United States, in the case of a judicial proceeding; or of the official or attorney representing the United States, in the case of an administrative proceeding, to represent the interest of the employee and USDA.

(e) If there is any question regarding the validity of a summons, subpoena, or other compulsory process, an employee shall contact the Office of the General Counsel for advice.

### § 1.217 Witness fees and travel expenses.

(a) Any employee of USDA who attends a judicial or administrative proceeding as a witness in order to testify or produce official documents on behalf of the United States is entitled to travel expenses in connection with such appearance in accordance with the Agriculture Travel Regulations.

(b) An employee of USDA who attends a judicial or administrative proceeding on behalf of the United States is not entitled to receive fees for such attendance.

(c) An employee of USDA who attends a judicial or administrative proceeding on behalf of a party other than the United States when such appearance is in his or her official capacity or arises out of or relates to his or her employment with USDA is entitled to travel expenses in accordance with the Agriculture Travel Regulations to the extent that such expenses are not paid for by the court, agency, or official compelling his or her appearance or by the party on whose behalf he or she appears.

(d) An employee of USDA who attends a judicial or administrative proceeding on behalf of a party other than

the United States when such appearance is in his or her official capacity or arises out of or relates to his or her employment with USDA is required to collect the authorized fees for such service and remit such fees to his or her USDA agency.

**§ 1.218  Penalty.**

An employee who testifies or produces records in a judicial or administrative proceeding in violation of the provisions of this regulation shall be subject to disciplinary action.

**§ 1.219  Delegations.**

(a) Except as provided in paragraphs (b), (c), or (d) of this section, the head of a USDA agency may delegate his or her responsibilities under this subpart, including the requirement to be notified of the receipt of a subpoena as provided in §§ 1.214(a) and 1.216(a) of this part, to employees of his or her agency as follows:

(1) In the National office of the agency, to a level no lower than two levels below the agency head;

(2) In a field component of an agency, to a level no lower than the official who heads a state office.

(b) Notwithstanding paragraph (a) of this section, the Chief of the Forest Service may delegate his responsibilities under this subpart as follows:

(1) In the National office of the Forest Service, to a level no lower than a Deputy Chief of the Forest Service;

(2) In a field component of the Forest Service, to a level no lower than a Regional Forester or Station Director.

(c) Notwithstanding paragraph (a) of this section, the General Counsel may delegate his responsibilities under this subpart as follows:

(1) In the National office of the Office of the General Counsel, to a level no lower than an Assistant General Counsel;

(2) In the field component of the Office of the General Counsel, to Regional Attorneys who may redelegate their responsibilities to Associate Regional Attorneys and Assistant Regional Attorneys who report to them.

(d) The responsibilities assigned to heads of agencies and to Assistant and Under Secretaries in § 1.214(b)(2) of this part may not be redelegated.

[58 FR 62495, Nov. 29, 1993; 58 FR 64353, Dec. 6, 1993]

## Subpart L—Procedures Related to Administrative Hearings Under the Program Fraud Civil Remedies Act of 1986

AUTHORITY: 31 U.S.C. 3801–3812.

SOURCE: 56 FR 9582, Mar. 7, 1991, unless otherwise noted. Correctly designated at 57 FR 3909, Feb. 3, 1992.

**§ 1.301  Basis, purpose and scope.**

(a) *Basis.* This subpart implements the Program Fraud Civil Remedies Act of 1986, Public Law No. 99–509, Sections 6101–6104, 100 Stat. 1874 (1986). This statute added 31 U.S.C. 3801–3812. Section 3809 of Title 31, United States Code, requires the Secretary to promulgate regulations necessary to implement the provisions of the statute.

(b) *Purpose.* This subpart—

(1) Establishes administrative procedures for imposing civil penalties and assessments against persons who make, submit, or present, or cause to be made, submitted, or presented, false, fictitious, or fraudulent claims or written statements to authorities or to their agents, and

(2) Specifies the hearing and appeal rights of persons subject to allegations of liability for such penalties and assessments.

(c) *Scope.* The procedures for imposing civil penalties and assessments established by this subpart are intended to enhance existing administrative enforcement efforts against fraud and to provide an additional remedy against false, fictitious, and fraudulent claims and statements in the programs administered by this Department.

**§ 1.302  Definitions.**

(a) *Agency* means a constituent organizational unit of the USDA.

(b) *Agency Fraud Claims Officer* (*AFCO*) means an officer or employee of an agency who is designated by the head of that agency to receive the reports of the investigating official, evaluate evidence, and make a recommendation to the reviewing official