IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #18-20727 CV DPG/AMOR

**JOEY D. GONZALEZ,**

       **Plaintiff,**

v.

**CLIFFORD RAMSEY,**

       **Defendant.**

_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, to file this Response in opposition to Plaintiff's Motion to Remand, and states:

On March 14, 2018, Plaintiff inquired of the undersigned counsel about the position of the United States regarding 28 USC §1446(g) and his consideration of preparing a motion to remand the above-styled proceedings back to state court. In pertinent part, Plaintiff wrote as follows:

> Where the civil action or criminal prosecution that is removable under section 1442(a) [28 USCS § 1442(a)] is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) [28 USCS § 1455(b)] is satisfied if the person or entity desiring to remove the proceeding files the notice of removal **not later than 30 days after receiving, through service, notice of any such proceeding**.
>
> Goenaga was served with a subpoena on December 20, 2017. An order compelling deposition was issued on February 12, 2018 by the state court. A notice of removal was filed on February 23, 2018. As such, removal is untimely in accordance with §1446(g). I am considering preparing a motion to remand the order to compel Goenaga's deposition back to state court. Before I do that, I wanted to let you know in case you wanted to talk about it.

As Plaintiff Gonzalez was advised on March 15, 2018, the United States opposes Plaintiff's now filed Motion to Remand. As reflected in the attached email response to Plaintiff's inquiry about his motion, he was advised as follows:

1

It is our position on your proposed motion to remand that, we oppose it; the authority to remove was re-triggered by the state court order (2/12/18) compelling Goenaga's deposition).

> A defendant generally has thirty days from receipt of the initial pleading to file a notice of removal. 28 U.S.C. § 1446(b). However, under § 1446(g), if the proceeding at issue is one in which, pursuant to § 1442(a), "a judicial order for testimony or documents is *sought or issued or sought to be enforced,*" the removing party may file a notice of removal "not later than 30 days after receiving, through service, *notice of any such proceeding."* 28 U.S.C. § 1446(g) (emphasis added). Both parties agree that § 1446(g) is applicable in the instant case.
>
> . . . .
>
> [T]he statute contemplates the ability of the removing party to "re-trigger" the thirty-day period under certain circumstances. Under § 1446(g), a notice of removal is timely if it is filed within thirty days of receiving notice that a judicial order for testimony or documents is "sought," or "issued," or "sought to be enforced." 28 U.S.C. § 1446(g). By its terms, the statute contemplates that the same § 1442(a) proceeding could be removed at more than one juncture. For example, a federal recipient of a subpoena could properly remove the proceeding after receiving notice of the original subpoena, but it could also properly remove the proceeding upon notice of the issuance of a court's order for its testimony.
>
> The statute's legislative history supports this reading. Section 1446(g) was drafted at the request of the Department of Justice to "maintain the current and longstanding [Department of Justice] practice of resetting the 30–day removal clock for cases that involve the enforcement of a subpoena." H.R.Rep. No. 112–107, at 6–7 (2011–12). The House Report explained that because the Justice Department typically ignored subpoenas in the first instance, the Department wanted to maintain its ability to "re-trigger" the removal period when it received notice of a party's motion to enforce, the point at which the Department could no longer ignore the subpoena. *Id.*
>
> *12 Congress intended to provide a federal officer with an opportunity to remove a proceeding when it would be clear that it needed to take action, even if it meant "re-set[ting]" the clock to allow for a second or third chance. Regardless of whether the [remover] could have removed the proceeding at an earlier time, its clock was re-triggered . . . when it was given notice that a hearing requiring its production of documents and testimony had been scheduled.

*In re Pennsylvania*, 2013 WL 4193960, at 11 (E.D. Penn.).   See attached Exhibit A.

2

Accordingly, for the reasons set forth above, the United States opposes Plaintiff's Motion to Remand.

**Respectfully submitted,**

**BENJAMIN G. GREENBERG**
**UNITED STATES ATTORNEY**

**By:  s/ CHARLES S. WHITE**
**CHARLES S. WHITE**
**Assistant United States Attorney**
Florida Bar No. 394981
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel.: 305.961.9286
Fax: 305.530-7139
Email: Charles.White@usdoj.gov
*Counsel for United States of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 20, 2018 I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By      s/ Charles S. White
CHARLES S. WHITE
Fla. Bar No. 394981
Assistant United States Attorney
99 N.E. 4th Street, Suite 300
Miami, Florida   33132
Tel. (305) 961-9286
Fax. (305) 530-7139
E-mail: charles.white@usdoj.gov

## SERVICE LIST

### Gonzalez v. Ramsey
### Case No. 18-20727 CV DPG/AMOR
### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Joey D. Gonzalez, Esq.
Fla. Bar #127554
P.O. Box 145073
Coral Gables, FL   33114-5073
Tel: (305) 720-3114
Fax: (305) 676-8998
Plaintiff, *Pro Se*

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
BEVERLY VIRUES
Florida Bar No. 123713
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone: (305) 234-2060
Facsimile: (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com
beverly@beckandlee.com

**CULLIN O'BRIEN LAW, P.A.**
CULLIN O'BRIEN
Florida Bar No. 597341
6541 NE 21st Way
Fort Lauderdale, FL 33308
Telephone: (561) 676-6370
Facsimile: (561) 320-0285
cullin@cullinobrienlaw.com
*Attorneys for Defendant*

Charles S. White
Assistant United States Attorney
charles.white@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida   33132
Tel. (305) 961-9286
Fax. (305) 530-7139