UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number:  1:18-cv-20727-DPG


JOEY D. GONZALEZ
                    Plaintiff,
vs.

CLIFFORD RAMSEY,
                    Defendant.

_____/

**PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S MOTION TO
QUASH RICARDO GOENAGA'S SUBPOENA AND TO SET ASIDE
<u>STATE COURT ORDER COMPELLING TESTIMONY</u>**

On April 24, 2018, the United States of America (the "Government") on behalf of the U.S.

Department of Agriculture (the "USDA") entered its *Motion to Quash Subpoena and Set Aside*

*State Court Order* [DE 19] (the "Government's Motion") requesting that the state court order

compelling Ricardo Goenaga ("Goenaga") to attend deposition and provide certain documents be

set aside. In opposition to the Government's motion, Plaintiff states:

<u>Introduction</u>

On November 27, 2017, Plaintiff filed a lawsuit against Defendant, Clifford Ramsey

("Ramsey") alleging defamation per se and intentional infliction of emotional pain. Plaintiff has

been a career employee of the U.S. federal government for the last 25 years, and until Ramsey's

arrival in July 2016, he had a spotless record.  According to Plaintiff, within a month after

Ramsey began employment with the USDA he made allegations that Plaintiff had called him by

a racial epithet and was harassing him. Plaintiff maintains these allegations are categorically

false.

Goenaga is a "Research Leader" with the USDA. His responsibilities do not include investigating issues of misconduct. On or about July 2017, Goenaga arrived at the USDA location in Miami and became Plaintiff's immediate supervisor. Goenaga was not Plaintiff's immediate supervisor during the events alleged in the instant lawsuit nor has personal knowledge of these events. Nevertheless, Goenaga placed Plaintiff in a Performance Improvement Plan in November 2017 and suspended Plaintiff from employment and salary for two weeks in January 2018. Both actions were taken because of Ramsey's allegations.

The testimony of Goenaga is necessary to prove whether Ramsey made new allegations about Plaintiff or to establish Plaintiff's damages. Goenaga's testimony may also reveal whether personnel from the USDA instigated Ramsey's allegations or whether the disciplinary actions taken against Plaintiff were motivated in retaliation for his cooperation in a criminal investigation involving Goenaga. This investigation was conducted in October 2016 by the USDA's Inspector General ("IG"). Among the issues investigated was a possible conflict of interest between Goenaga and Mars, Inc, (a private company) because he authorized the installation of a commercial internet circuit inside the USDA's Miami location in violation of Agency and Federal regulations. *See* Exhibit A. Another issue investigated by the IG was the possible bribing of Ramsey by USDA personnel.  Goenaga is aware of this investigation and Plaintiff's participation in it.

On February 12, 2018, the Florida state court issued an order compelling Goenaga to appear to his deposition. On February 26, 2018, the Government removed the portion of the case regarding Goenaga to this Court pursuant to 28 U.S.C 1442(a)(1). Thereafter, Plaintiff has communicated with the Assistant U.S. Attorney representing the USDA in this case in at least two occasions seeking an explanation for the USDA's refusal to allow Goenaga's testimony.

Plaintiff has also offered alternative accommodations to obtain Goenaga's testimony. *See* Exhibit B. These communications have been ignored.

## MEMORANDUM OF LAW

According to the Government, this Court must quash Goenaga's subpoena because he may not be compelled to violate a regulation that prohibits his appearance. For this proposition the Government cites; *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (upholding a regulation issued by the Attorney General restricting testimony by employees of the Department of Justice) and *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989) (stating "an unbroken line of authority directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations.")

### I.    The Touhy Regulations Does Not Bar Goenaga's Testimony

The problem for the Government is that its motion addresses the validity of the Touhy regulations but not how or whether it applies to the instant action. According to the Government, the "USDA has not authorized Dr. Goenaga to appear and to provide testimony as requested. The USDA's regulations prohibit him from complying with the Plaintiff's subpoena without the consent of the USDA." *See* Government's motion at 5. Although this is truth, the Government does not offer a single reason why the USDA does not authorize or prohibits Goenaga's testimony. The Government's motion is devoid of any claim of privilege, relevance or any reason whatsoever that precludes Goenaga's testimony.

In the same paragraph the Government implies that because the USDA has prohibited Goenaga's testimony, "this Court has no power or authority to compel Dr. Goenaga to obey the subpoena…" *Id.*  In other words, it up to the USDA to decide this Court's ruling in the instant motion although it has submitted to its jurisdiction.

Prior to 1958 (and on occasions thereafter), federal agencies contended *Touhy* created a broad executive privilege allowing agencies to decline to respond to subpoenas and other judicial process. *Carter v. High Country Mercantile, Inc.*, No. 08-0835-CV-W-ODS, 2009 U.S. Dist. LEXIS 65619 (W.D. Mo. July 28, 2009). *Touhy*'s rationale was undermined by the Supreme Court in *United States v. Reynolds*, 345 U.S. 1, 9, 73 S. Ct. 528, 533 (1953) (Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers). *Touhy's* holding was further weakened by a 1958 amendment to the Housekeeping Statute, which added the language, [t]his section does not authorize withholding information from the public or limiting the availability of records to the public. *Blanks v. Lockheed Martin Corp.*, 2006 U.S. Dist. LEXIS 46770 *, 2006 WL 1892512. Internal quotation omitted.

Recent decisions confirm that *Touhy* does not operate as a blanket privilege preventing the testimony of government employees. Even though at least two jurisdictions have found meritless the same objections the USDA makes in the instant motion, the USDA continues to make the exact same argument.  For example, in *Carter*, *supra*, the plaintiff issued subpoenas for two employees of the USDA to appear at a deposition. The USDA directed its employees not to honor their appearances arguing that "the [Touhy] regulation, alone, provided it with all the authority it needed to bar compliance with the subpoena." *Carter v. High Country Mercantile, Inc.*, No. 08-0835-CV-W-ODS, 2009 U.S. Dist. LEXIS 65619 at *5 (W.D. Mo. July 28, 2009).

The *Carter* Court denied the USDA's motion to quash finding that "5 U.S.C. § 301 allows an agency to prohibit employees from responding to subpoenas and other discovery requests to preserve the agency's privileges and other lawful interests, but it **does not create any privileges or protections independent of those found elsewhere in law**. *Id.* at *5, bold

emphasis added. According to the Court "the USDA has not identified any privileges or burdens recognized in law, so there is no valid basis for excusing compliance." *Id*.

The USDA's argument did not fare any better in *Eagle Rock Timber, Inc. v. Town of Afton*, No. 08-CV-219-B, 2009 U.S. Dist. LEXIS 137327 (D. Wyo. Nov. 17, 2009). There it opposed the deposition of one of its employees on the grounds that "the USDA Office of the General Counsel will not authorize it, based on 7 C.F.R. § 1.214, 5 U.S.C. § 301, and the United States Supreme Court's decision in *United States, ex rel. v. Touhy*, 340 U.S. 462, 467, 71 S. Ct. 416, 95 L. Ed. 417 (1951). The USDA promulgated 7 C.F.R. § 1.214 which states that when [a]n employee of USDA [is] served with a valid summons, subpoena, or other compulsory process demanding his or her appearance . . . on behalf of a party other than the United States in a . . . proceeding in which the United States is not a party, that employee may appear only if such appearance has been authorized by the head of his or her USDA agency, with the concurrence of the General Counsel, based upon a determination that such an appearance is in the interest of USDA. *Id* at *8-9. Internal quotations omitted.

The defendant/petitioner opposed on the grounds that the USDA can only prevent the testimony if a valid privilege exists. According to the defendant, rather than assert a privilege, the USDA has attempted to unilaterally deny its right to depose his employee. *Id.* at *7. The *Eagle Rock* Court agreed. It denied the USDA's motion to quash holding that "[t]he housekeeping statute merely permits agencies to make internal regulations that require employees to report to decision-makers regarding subpoenas for documents and testimony so that the appropriate action may be taken in the event there is **a valid claim of privilege**. If the USDA wishes to deny an employee's testimony, **it must proceed under the general rules of discovery**. A decision to the contrary would have the effect of giving the agency unfettered

discretion over whether to honor a discovery request. *Id*. at \*12, bold emphasis added.

*Carter* and *Eagle Rock* stand for the same proposition; *Touhy* does not create a blanket or exclusive privilege for governmental employees outside those contemplated by law. Absent a claim of privilege, the USDA does not have an unfettered discretion whether to prevent its employees from complying with a subpoena. "The proper scope of Touhy regulations is to prohibit employees of agencies from responding to subpoenas and other discovery requests until appropriate individuals have granted permission for them to do so. This allows the agency to decide whether a privilege should be asserted." *Carter*, 2009 U.S. Dist. LEXIS 65619 at \*8, internal citations omitted. In allowing the agency to bear the ultimate responsibility for compliance, Congress has effectively protected the individual from being held in contempt. This prevents individuals from waiving the agency's valid privileges and protects them from punishment for allowing the agency to decide how best to proceed -- but it does not create privileges. *Id*.

As such, the USDA cannot use Touhy to prevent Plaintiff from taking Goenaga's testimony. The only permissible use of this regulation is to evaluate whether his testimony violates any privilege and if so, assert it. Absent any claim of privilege or other justification, we suggest that the Government's motion to quash should be denied.

## II.  The Administrative Procedures Act Is Not The Avenue to Challenge the USDA's Decision

The Government urges this Court to accept that the Administrative Procedures Act ("APA") is the **only** avenue to challenge the USDA's decision to prevent Goenaga's testimony. Although some courts of appeal have reached this conclusion, "[m]ost, however have utilized the APA only as an avenue for waiving sovereign immunity and have required the agency to identify a basis in law for its objections. E.g., *Commonwealth of Puerto Rico*, 490 F.3d at 62-67; *Watts*,

482 F.3d at 508-09*; Exxon Shipping Co.*, 34 F.3d at 778. Those objections can be based on a **privilege or on the Rules of Civil Procedure**; a simple desire to not comply is insufficient." *Id*. emphasis added.

Here once again the USDA recycles a failed argument. Absent any claim of privilege, the APA does not confer the USDA with the authority to refuse allowing Goenaga to testify. That is because the USDA cannot decide whether to comply with a subpoena based on a *belief* that it is authorized by Congress to create its own regulations. "[T]he APA does not prescribe blanket deference to all agency decisions: a court may "compel agency action unlawfully withheld," hold as unlawful agency actions that are "not in accordance with law" or that are "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706. The deference the USDA claims is valid for Congressional delegations of authority, such as matters committed to the agency for decisionmaking or to resolve "gaps" in the legislation that are intended for agency resolution.

**Complying with subpoenas does not fall in these traditional areas left to agency deference**: it is not a matter that falls uniquely in the USDA's area of expertise, nor is it a matter upon which Congress intended to allow for flexible decisionmaking ability for which an agency is well-suited. Indeed, Congress has established a policy regarding subpoenas as embodied in various statutes and procedural rules - so the USDA's relief, if any, must be gleaned from those provisions." *Id*. at *9-10, internal citations omitted, emphasis added.

Just like in *Carter*, in the instant case the USDA's refusal is most likely motivated by its concern that the Plaintiff learn information from Goenaga's testimony fueling a future lawsuit against the USDA. See *Carter* at *10. For example, that Ramsey was instigated by USDA personnel to make his defamatory comments against Plaintiff, or that Goenaga was motivated by

retaliation when he suspended Plaintiff from employment and salary because of his participation in the IG investigation. This however "is not a valid basis for resisting a subpoena." *Id*.

### III.    This Court Has Jurisdiction Over This Action

According to the Government this Court lacks jurisdiction "because this action was removed pursuant to section 1442(a)(1), [and] this Court's jurisdiction is derived from the state court's jurisdiction with respect to the proceedings against Goenaga." *See* Government's motion at 7. Here the Government correctly alleges that "an order of a state court seeking to compel a federal official to comply with a state court subpoena is "an action against the United States, subject to the governmental privilege of sovereign immunity." *United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999) quoting *Smith v. Cromer*, 159 F.3d 875 (4th Cir. 1998).

However, "where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are *ultra vires* his authority and therefore may be made the object of specific relief. It is important to note that in such cases the relief can be granted, without impleading the sovereign, only because of the officer's lack of delegated power." *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689-90, 69 S. Ct. 1457, 1461 (1949)

There are two recognized exceptions to the principle that sovereign immunity bars a suit against a government employee: 1) when an employee's actions exceed the scope of the statutory powers conferred upon him or her; and 2) when, despite acting within the scope of his or her authority, the employee was acting unconstitutionally. *FBI v. Superior Court of Cal.*, 507 F. Supp. 2d 1082, 1094 (N.D. Cal. 2007). Here both prongs apply to Goenaga. First, Goenaga could not have suspended Plaintiff from employment and salary without investigating and providing a

report as required by 5 U.S.C. §7503, which states in relevant part:

1. Under regulations prescribed by the Office of Personnel Management, an employee may be suspended for 14 days or less for such cause as will promote the efficiency of the service (including discourteous conduct to the public **confirmed by an immediate supervisor's report** of four such instances within any **one-year period** or any other pattern of discourteous conduct). Emphasis added.

Goenaga was not authorized to conduct an investigation or produce a report regarding Ramsey's allegations because he was not Plaintiff's immediate supervisor when the events in the lawsuit allegedly occurred in August 2016.  In fact, he had been in Puerto Rico for more than a year. Thus, Goenaga would be exceeding the scope of his responsibilities if he investigated or produced a report.

Second, to conduct an investigation involving employee's misconduct Goenaga needed to comply with the Agency's regulations regarding Investigation of Employee Misconduct, Chapter 751 – *Discipline*, Subchapter 3 – *Agency Investigation of Employee Misconduct.* This regulation states in relevant part that:

a. Legal Authority. An employee lawfully assigned to investigate irregularities or misconduct by Federal employees may be empowered to administer oaths to witnesses (5 U.S.C. 303), witnesses may include Federal employees and non-Federal employees.

b. Requirements for Authorization. Agency Heads will give written authorization (see the Attachment for sample) to conduct investigations and administer oaths only to employees who have received:

1. A personnel security clearance from the Chief, SELRS, based on, at a minimum, a National Agency Check and Credit (NACC) investigation; and
2. Personnel investigator training conducted by OP and OIG; OR a waiver of training requirements from the Chief, SELRS.

*See* Exhibit E, subsection 3-7 *Authorization of Agency Investigation*. Goenaga did not and still does not possess any authorization by the USDA to conduct an investigation. He simply arrived at the USDA more than a year after the alleged incident and decided to suspend Plaintiff. Absent the required delegated legal authority to investigate, any evidence collected by Goenaga or anyone on his behalf against Plaintiff was unlawfully obtained and in violation of Plaintiff's due process rights.  Further, neither Goenaga or anyone on his behalf formally interviewed Plaintiff regarding Ramsey's allegations. This is demonstrated by some of the numerous false statements[1] in Goenaga's letter proposing to suspend Plaintiff. Accordingly, any decision made in that regard was also in violation of Plaintiff's due process rights and therefore unconstitutional.

Even assuming *arguendo* that Goenaga was authorized to investigate, he could not have suspended Plaintiff because the statute of limitation required the Agency to take action within a year of the alleged incident. *See* §7503, *supra*. Goenaga proposed to suspend Plaintiff on November 7, 2017, or 14 months after the alleged incident. *See* Exhibit C. Accordingly, any disciplinary action taken by Goenaga against Plaintiff was in violation of the statute and therefore *ultra vires* to the scope of his authority. See *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689-90, 69 S. Ct. 1457, 1461 (1949). (If the officer purports to act as an individual and not as an official, a suit directed against that action is not a suit against the sovereign); see also *Dugan v. Rank*, 372 U.S. 609, 621-22, 83 S. Ct. 999, 10 L. Ed. 2d 15 (1963).

Finally, the lack of proper procedure regarding the disciplinary actions Goenaga took against Plaintiff coupled with his knowledge of Plaintiff cooperation with an OIG investigation

---

[1] Goenaga alleges that Plaintiff "used the term "n*****" on four (4) occasions" [and] stated [he was] telling Mr. Ramsey about incidents that involved Florida State Patrol Officers and being pulled over and/or ticketed. [Plaintiff] further explained that you were citing these incidents as examples and used the term "n*****" as part of the examples and the term was not directed toward him." *See* Exhibit C at 2.

regarding his conflict of interest with Mars, Inc., tends to indicate that he acted in retaliation for Plaintiff's participation in the OIG investigation. If that so, his actions are in violation of the 5 U.S.C. § 2308, et seq., (Whistleblower Protection Act or Personnel Prohibited Practices) and therefore outside the scope of his authority.

In its motion the Government threaten this Court that it will not provide the basis for not allowing Goenaga's testimony. According to the Government; "[b]ecause "the whole record" upon which the agency decision was made (regarding the reasons for not allowing the testimony) is not currently before the Court, **the Court would be in the unfortunate position of not having the proper record before it were it to attempt to decide whether the agency's actions were "arbitrary and capricious.""**) *See* Government's motion at 7, emphasis added.

The truth is that since the beginning the Government has not proffered any record upon which the Agency's decision was made. That is because there is no record that justifies its decision. Otherwise and given the Government arrogant stance, there is no reason for not including it in its motion. This is consistent with the USDA's initial position for not permitting Goenaga to testify; when it first learned about the subpoena the USDA's representative faxed the undersigned a document full of regulations but devoid of any justification for its refusal to allow Goenaga's deposition. *See* Exhibit E. The Government's latest motion takes from the USDA's initial position. We suggest that the only logical explanation for not including any justification excusing Goenaga's testimony is that is there is none.

## CONCLUSION

Based upon the foregoing, Plaintiff request that the Government's motion be denied in its entirety and Ricardo Goenaga be compelled to testify regarding the matters set forth in his subpoena within 14 days following this Court's decision. If the Court is not satisfied with the

explanations in this motion or needs further evidence, Plaintiff request an evidentiary hearing

with the presence of Goenaga to substantiate Plaintiff's allegations in section 3 of this motion.

By: s/Joey D. Gonzalez
Joey D. Gonzalez
Florida Bar No. 127554
P.O. Box 145073, Coral Gables, FL 33114-5073
Telephone: 305-720-3114 / Fax: 305-676-8998
E-service: joey.gonzalez@jdg-lawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2018, a true copy of the foregoing document was filed with the Clerk of the Court using CM/ECF, and has been served upon all counsels or parties of record in the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

Service List

CHARLES S. WHITE
Assistant United States Attorney
Florida Bar No. 394981
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel.: 305.961.9286
Fax: 305.530-7139
Email: Charles.White@usdoj.gov
*Counsel for United States of America*

Clifford L. Ramsey
9140 S.W. 227th Terrace
Cutler Bay, Florida 33190
Cramsey027@gmail.com
Defendant, *Pro Se*

s/Joey D. Gonzalez
Joey D. Gonzalez
